UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, on behalf of herself and similarly situated people, <br><br>               Plaintiff, <br><br>        -against- <br><br> D'ONOFRIO GENERAL CONTRACTORS CORPORATION, ALL STATE 12 GENERAL CONTRACTING CORPORATION, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., DOE CORPORATE ENTITY, and NORWING REYES, in his personal and professional capacities, <br><br>              Defendants. | Case No. 1:26-cv-02860 (JLR) <br><br> **OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Jane Doe, who has filed this action under a pseudonym, seeks leave of the Court to continue proceeding anonymously. For the following reasons, the Court DENIES her motion and requires Doe to file an amended complaint under her own name if she wishes to proceed.

## BACKGROUND

### I. Procedural History

On April 7, 2026, Jane Doe ("Plaintiff" or "Doe") initiated this action, asserting employment, labor, and tort claims against her former employers and former supervisor (together, "Defendants") under federal law, New York state law, New York City law, and New York common law. *See* Dkt. 1 (the "Complaint" or "Compl.") ¶¶ 102-89. She filed her Complaint anonymously, without first seeking leave of the Court to do so, but indicated in a footnote to her pleadings that a motion seeking that leave was forthcoming. *Id.* at 1 n.1. On April 10, 2026, not having received such a motion, the Court directed Plaintiff to file it by April

15, 2025. *See* Dkt. 6. Plaintiff filed the motion on April 15, 2026. *See* Dkt. 8; Dkt. 9 ("Doe Decl."), Dkt. 10 ("Br."); Dkt. 11 ("Jones Decl."). She has not yet served Defendants with the Complaint, and therefore Defendants have not responded to the motion.

## II. Factual Allegations

Plaintiff alleges that, while she was employed on an otherwise all-male construction crew, her supervisor repeatedly sexually harassed her, and that when she resisted his advances, he retaliated against her by getting her fired; she further alleges that his harassment culminated in his sexually assaulting and attempting to rape her. Compl. ¶¶ 1-4; *see also id.* ¶¶ 30-48, 55, 63-88. She also alleges that, even after she secured a new position at another company, her harasser contacted her new employer to "spread either rumors or threats against her." *Id.* ¶ 101. While the bulk of the Complaint concerns Plaintiff's harassment- and assault-related claims, Plaintiff also alleges that her former employers failed to pay overtime under federal law, *id.* ¶¶ 141-56, and failed to pay prevailing wage rates under City law, *id.* ¶¶ 157-89.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 10, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Rule 10 "serves the vital purpose of facilitating public scrutiny of judicial proceedings," because "[i]dentifying parties in a proceeding 'is an important dimension of publicness,' as 'people have a right to know who is using their courts.'" *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (per curiam) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008)). "A plaintiff seeking to proceed pseudonymously must rebut the presumption of openness and demonstrate that [her] 'need for anonymity' outweighs the 'countervailing interests in full disclosure,' including 'the public interest in disclosure and any prejudice to the defendant.'" *Doe v. Combs*, No. 25-986, 2026 WL 742650, at *1 (2d Cir. Mar. 17, 2026) (summary order) (quoting *Sealed Plaintiff*, 537 F.3d at

2

189).  This presumption is outweighed only "[i]n narrow circumstances."  *Doe v. Brown Harris*

*Stevens Residential Mgmt., LLC*, 809 F. Supp. 3d 163, 165 (S.D.N.Y. 2025).

Courts weighing these competing interests consider the following ten non-exhaustive

factors set forth by the Second Circuit in *Sealed Plaintiff*:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (alterations and omissions in original) (citations and internal

quotation marks omitted).  "[A] district court is not required to list each of the factors or use any

particular formulation as long as it is clear that the court balanced the interests at stake in

reaching its conclusion."  *Combs*, 2026 WL 742650, at *1 (quoting *Sealed Plaintiff*, 537 F.3d at

191 n.4).  "The Court must evaluate the relevant factors even when the motion is unopposed."

*Brown Harris Stevens*, 809 F. Supp. 3d at 165.

## DISCUSSION

The Court, applying the *Sealed Plaintiff* factors in turn, finds that the balance weighs

against permitting Plaintiff to proceed anonymously.

I.     **Factor One: The Highly Sensitive and Personal Nature of Plaintiff's Claims**

The first *Sealed Plaintiff* factor (whether the litigation involves highly sensitive and personal subject matter) weighs in favor of anonymity.  Plaintiff alleges, for example, that her supervisor "called [her] on several occasions to solicit sexual favors in exchange for her job security," Compl. ¶ 46, and that in one incident he sexually assaulted her by "grabb[ing] her arm to immobilize her and paw[ing] at her breasts" and "attempt[ing] to force her hand onto his genitals," *id.* ¶¶ 74-75.  Sexual assault allegations such as these "are 'paradigmatic examples' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Doe v. Combs*, No. 25-cv-00996 (JLR), 2025 WL 3141741, at *2 (S.D.N.Y. Nov. 10, 2025) (alteration adopted) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021)).

Plaintiff contends that "this factor alone would provide adequate cause to grant [her] motion" to proceed anonymously.  Br. at 7.  But that is not the law of this Circuit, *see, e.g.*, *Doe v. Alexander*, No. 25-cv-02077 (JPC), 2025 WL 1637941, at *2 (S.D.N.Y. June 9, 2025) ("[I]t is well-established that 'allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym.'" (quoting *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020))), especially where, as here, the plaintiff is an adult, *see Doe 1 v. Branca USA, Inc.*, No. 22-cv-03806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) ("A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously."); *see also* Doe Decl. ¶¶ 2, 9 (Plaintiff representing that she is over 18 years old and has a 22-year-old daughter).  Moreover, Plaintiff has also brought claims for unpaid overtime and wages, which are not inherently sensitive or personal, and thus her action does not solely concern sexual assault.  *See Brown Harris Stevens*, 809 F. Supp. 3d at 166 (denying motion to proceed anonymously on sexual assault claims where,

4

among other reasons, "[p]laintiff also alleges other claims that do not include facts that are 'highly sensitive' or 'of a personal nature'").

Accordingly, the first factor weighs partly in favor of permitting Plaintiff to proceed anonymously, but it is not dispositive to the Court's analysis.

## II.    Factors Two, Three, and Seven: Risk of Retaliatory or Other Harms to Plaintiff or Non-Parties, and Confidentiality So Far

The second, third, and seventh *Sealed Plaintiff* factors (risk of retaliatory physical, mental, or other harms to Plaintiff or non-parties, and whether Plaintiff has maintained confidentiality so far) weigh against anonymity.

"'A defendant's prior knowledge of the plaintiff's identity weighs against' the second and third *Sealed Plaintiff* factors.'" *S.L. v. City of New York*, No. 25-cv-09440, 2026 WL 948339, at *2 (S.D.N.Y. Apr. 8, 2026) (quoting *Doe v. Townes*, No. 19-cv-08034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020)).  Indeed, where a defendant "already knows Doe's identity and can share both that fact and the fact of this litigation with others, allowing Doe to proceed pseudonymously would not serve to protect her or any non-parties from retaliation." *Doe v. Shader*, No. 25-cv-00748 (PKC), 2025 WL 1446011, at *2 (S.D.N.Y. May 19, 2025).

Here, Plaintiff readily concedes that her former supervisor and the other Defendants already know her identity.  *See, e.g.*, Br. at 8 ("Reyes knows Doe's identity[.]"); *id.* at 10 ("Because Defendants know Doe's name, there is neither potential prejudice nor a possibility of mistaken identity.").  Nevertheless, Plaintiff argues that she "rightly fears for herself and her family" because her former supervisor "will not stop until he gets his way." *Id.* at 8.  Indeed, in a declaration accompanying her motion, Plaintiff alleges that her former supervisor once came to her house and sexually harassed her adult daughter, who had applied for a job at Plaintiff's workplace.  Doe Decl. ¶¶ 10-18.  But Plaintiff does not explain how proceeding anonymously

would avert the risk of her former supervisor's retaliation, either against her or her daughter, when he already knows who Plaintiff is. *See Townes*, 2020 WL 2395159, at *4 (finding that "there is no risk of *increased* retaliatory harm from . . . disclosure" where defendant already knew plaintiff's identity and had already threatened plaintiff with retaliation); *Doe v. S.O.S. Sec. LLC*, No. 18-cv-09429 (PGG), 2019 WL 13531292, at *2 (S.D.N.Y. May 1, 2019) ("There is no apparent risk of retaliation that would flow from disclosure of Plaintiff's identity; Defendants know who Plaintiff is."). For the same reason, Plaintiff's contention that she has maintained her confidentiality so far, including by not sending Defendants any "pre-litigation correspondence," Br. at 11, is unavailing: by Plaintiff's own admission, Defendants will know her identity upon receiving the Complaint even if it bears only her pseudonym.

Plaintiff also contends that she faces professional, economic, and reputational harms if her name is disclosed in connection with this action. *See id.* at 8-9. But "[e]vidence of embarrassment, social stigmatization, and economic harm are insufficient to proceed anonymously . . . and 'courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests.'" *Townes*, 2020 WL 2395159, at *4 (quoting *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-cv-05601 (HBP), 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015)); *accord Doe v. Ehrhard*, No. 25-cv-05724 (JHR) (RWL), 2025 WL 3465593, at *6 (S.D.N.Y. Dec. 1, 2025), *report and recommendation adopted sub nom. Johar v. Ehrhard*, 2026 WL 209810 (S.D.N.Y. Jan. 27, 2026).

Therefore, the second, third, and seventh factors weigh against anonymity.

## III. Factor Four: Vulnerability Due to Plaintiff's Age

The fourth factor (Plaintiff's particular vulnerability to disclosure) weighs against anonymity.

6

"[W]hen considering whether a plaintiff is particularly vulnerable to harm from being identified, '[t]he plaintiff's age is a critical' consideration[.]" *Combs*, 2025 WL 3141741, at *4 (quoting *Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 863705, at *4 (S.D.N.Y. Feb. 29, 2024)). Thus, "[i]f a plaintiff is not a child, this factor weighs against a finding for anonymity." *Doe v. Telemundo Network Grp. LLC*, No. 22-cv-07665 (JPC), 2023 WL 6259390, at *5 (S.D.N.Y. Sept. 26, 2023) (quoting *Rapp*, 537 F. Supp. 3d at 530). As noted above, Plaintiff is an adult and was an adult at the time of the alleged harassment and assault. Doe Decl. ¶¶ 2, 9. And in her motion, "Plaintiff provides no evidence that her age makes her particularly vulnerable to the possible harms of disclosure." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019). Indeed, Plaintiff does not address the fourth factor at all. Therefore, this factor weighs against anonymity.

## IV.    Factor Five: Government or Private Defendant

The fifth factor (whether the action challenges governmental or private parties' actions) weighs against anonymity, because all Defendants are private parties.[1] "Courts are loathe to grant a motion to proceed anonymously against private parties." *Doe v. Sumitomo Fin. & Leasing, Ltd.*, No. 25-cv-04549 (MKV), 2025 WL 2171702, at *3 (S.D.N.Y. July 31, 2025). Moreover, the private parties here "'have a substantial interest in maintaining their good name and reputation, particularly in light of the allegations' in Plaintiff's complaint." *S.L.*, 2026 WL 948339, at *2 (quoting *Skyline Autos.*, 375 F. Supp. 3d at 406). As such, the fifth factor weighs against anonymity.

---

[1] One of the Defendants, Consolidated Edison of New York, Inc., is a public utility. Plaintiff does not contend that it should be deemed a government defendant for purposes of her motion, and courts generally do not consider it to be a governmental entity. *Cf. Sims v. Optimum TV*, No. 22-cv-03750 (LTS), 2022 WL 1751075, at *3 (S.D.N.Y. May 21, 2022) ("Con Edison, although a utility regulated by the state, is not a state actor for Section 1983 purposes.").

## V.    Factor Six: Prejudice to Defendants

The sixth factor (prejudice to Defendants) weighs against anonymity.

There is a fundamental prejudice in requiring Defendants "to defend themselves publicly" while permitting Plaintiff to make "accusations from behind a cloak of anonymity." *Brown Harris Stevens*, 809 F. Supp. 3d at 169 (alteration adopted) (quoting *Rapp*, 537 F. Supp. 3d at 531-32).  That fundamental prejudice is especially pronounced where, as here, the matter involves "[i]nformation and allegations that are highly sensitive and of a personal nature[, which] can flow both ways."  *Skyline Autos.*, 375 F. Supp. 3d at 407.

Plaintiff contends that Defendants will not be prejudiced in conducting discovery given that they already know Plaintiff's identity.  Br. at 10.  That may be, but there are also later stages of the case to consider, and Plaintiff has demanded a jury trial.  *See* Compl. at 1.  A "jury, armed with greater information about [Plaintiff] and her professional and personal standing, will be better equipped to assess her credibility," whereas depriving a jury of that information "would run a risk of giving her claims greater stature or dignity before, or otherwise confusing or distracting, the jury," or permit the jury to "conclude that she, for unknown reasons, merited extra-solicitous treatment."  *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) (summary order).

Therefore, this factor weighs against anonymity.

## VI.    Factors Eight and Nine: Public Interest

The eighth and ninth factors (whether the public's interest is furthered by disclosure or atypically weak) weigh against anonymity.

"As a rule, 'lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them.  Among those facts is the identity of the parties.'"  *Weinstein*, 484 F. Supp. 3d at 97 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)).  Plaintiff

contends that this interest is only "generalized" and thus outweighed by the public's more significant interest "in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes." Br. at 10 (quoting *Doe v. Kimmel*, No. 24-cv-03201 (JMF), 2024 WL 3184209, at *1 (S.D.N.Y. June 26, 2024)). But in *Kimmel*, the plaintiff was a minor at the time of the alleged sexual assault. *Kimmel*, 2024 WL 3184209, at *1. As discussed, that is not true of Plaintiff here. And "it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly personal nature." *Doe v. Freydin*, No. 21-cv-08371 (NRB), 2021 WL 4991731, at *4 (S.D.N.Y. Oct. 27, 2021) (alteration omitted) (quoting *Rapp*, 537 F. Supp. 3d at 533). Indeed, "the 'generalized interest in encouraging sexual assault victims to come forward has been repeatedly rejected by courts in this District as an adequate basis by itself to warrant anonymity.'" *Doe v. Combs*, No. 24-cv-07973 (RA), 2025 WL 1744928, at *4 (S.D.N.Y. June 23, 2025) (quoting *Doe v. Alexander*, No. 25-cv-01631 (JAV), 2025 WL 784913, at *4 (S.D.N.Y. Mar. 12, 2025)). The fact that Plaintiff and Defendants here are not public figures, *see* Br. at 11, does not undercut these principles. *See, e.g.*, *Freydin*, 2021 WL 4991731, at *1 (denying motion to proceed anonymously by plaintiff bringing sexual harassment and assault claims against former employers). Therefore, these factors weigh against anonymity.

## VII.    Factor Ten: Alternative Mechanisms

The tenth factor (whether there are alternative mechanisms available to protect Plaintiff's confidentiality) weighs against anonymity as well. Plaintiff "can seek less drastic remedies than blanket anonymity, such as 'protective documents, redactions, confidentiality agreements or sealing documents.'" *Doe v. Fashion Inst. of Tech.*, No. 25-cv-00950 (JPC), 2025 WL 1920065, at *3 (S.D.N.Y. July 11, 2025) (quoting *Doe v. Salina*, No. 23-cv-03529 (JMW), 2024 WL 1259362, at *7 (E.D.N.Y. Mar. 25, 2024)). Plaintiff does explain why such measures would be

inadequate to protect her confidentiality, and indeed does not address this factor at all.

Therefore, this factor weighs against anonymity.

## VIII.    Balancing the Factors

Of the ten *Sealed Plaintiff* factors, only the first weighs in favor of permitting Plaintiff to proceed anonymously.  To be sure, the Court does not discount this factor, or the highly sensitive nature of Plaintiff's allegations.  However, as discussed, the first *Sealed Plaintiff* "factor alone is 'not sufficient to entitle a plaintiff to proceed under a pseudonym,'" and therefore "Plaintiff has not sufficiently demonstrated that [her] 'interest in anonymity' outweighs the prejudice to Defendants and 'the customary and constitutionally-embedded presumption of openness in judicial proceedings.'"  *Sebastian v. Doe*, No. 25-cv-00911 (JAV), 2025 WL 856242, at *2 (S.D.N.Y. Mar. 19, 2025) (first quoting *Rapp*, 537 F. Supp. 3d at 528; and then quoting *Freydin*, 2021 WL 4991731, at *4).

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion to proceed anonymously is DENIED.  If Plaintiff wishes to proceed in this action, she must file an amended complaint that includes her name within two weeks of the date of this Opinion.  If Plaintiff does not wish to proceed, she must file a notice of voluntary dismissal by the same date.

Dated:  April 28, 2026
        New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge